IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ARTHUR L. DARBY,** | **CASE NO. 1:20-CV-00408** |
| Petitioner, | **JUDGE PAMELA A. BARKER** |
| -vs- | **MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR.** |
| **STATE OF OHIO,** | |
| Respondent. | **MEMORANDUM OF OPINION AND ORDER** |

This matter is before the Court upon the Report & Recommendation ("R&R") of Magistrate Judge William H. Baughman, Jr. (Doc. No. 11), which recommends granting Respondent's Motion to Dismiss (Doc. No. 9) and dismissing the Petition for Writ of Habeas Corpus (Doc. No. 1) of Petitioner Arthur L. Darby ("Darby") pending before the Court.  Darby has filed Objections to the R&R.  (Doc. No. 12.)  For the following reasons, Darby's Objections (Doc. No. 12) are OVERRULED, the Magistrate Judge's Report & Recommendation (Doc. No. 11) is ADOPTED, and Respondent's Motion to Dismiss (Doc. No. 9) is GRANTED.

**I. Background**

On May 7, 1993, Darby plead guilty to five counts of aggravated trafficking in crack cocaine in the case captioned *State of Ohio v. Arthur L. Darby*, Case No. 92-CR-455-H, in the Court of Common Pleas of Richland County, Ohio.  (Doc. No. 9-1 at 5-8.)  That same day, the state court judge sentenced Darby to five to fifteen years of imprisonment on count one, and three to fifteen years on counts two, three, four, and five with the sentences on those counts to run concurrent with each other, but consecutive to the sentence imposed on count one.  (*Id.* at 9.)  Darby did not file a direct appeal of his conviction.  (Doc. No. 1 at 2.)

In July 1994, fourteen months after he was sentenced, the state court judge granted Darby's motion to suspend his sentence, placing Darby on five years of shock probation. (Doc. No. 9-1 at 11-13.) Darby's probation was unsatisfactorily terminated on June 7, 1996. (*Id.* at 127, 193.) The state court docket reads: "unsatisfactory release from probation—6-7-96 & restored to full of [sic] citizenship." *See State of Ohio v. Arthur L. Darby*, Richland County Common Pleas Court, Case No. 92-CR-455-H (docket). As such, there is no dispute that the sentence from Case No. 92-CR-455-H has been fully executed. (*See* Doc. No. 9 at 9; Doc. No. 9-1 at 33-34, 38, 87, 127; Doc. No. 10 at 1.)

Over a decade later, on September 29, 2010, Darby was charged with trafficking in powder and crack cocaine as part of a federal multi-count, multi-defendant indictment filed in this Court. *United States v. Owens*, Case No. 1:10-CR-432 (N.D. Ohio) (ECF No. 1). Darby pled guilty to count one of that federal indictment. Case No. 1:10-CR-432 (ECF No. 480). In calculating his criminal history score, the district court judge counted Darby's Ohio state court conviction from Case No. 92-CR-455-H. Case No. 1:10-CR-432 (ECF No. 686 at 27). In addition, this state case served as one of several predicate offenses for finding that Darby was a career offender under the United States Sentencing Guidelines. Case No. 1:10-CR-432 (ECF No. 686 at 27, 30-31). On November 20, 2012, the district court judge sentenced Darby to 170 months of imprisonment. Case No. 1:10-CR-432 (ECF No. 594).

Subsequently, over the next seven years, Darby filed numerous motions in state court attempting to invalidate his state court conviction in Case No. 92-CR-455-H, seeking to void the conviction and thereby preclude its use to enhance his federal sentence and require a reduction of his federal sentence. (*See* Doc. No. 9-1 at 14-222.) Generally, Darby argued that his state court

conviction was void because his early release on shock probation violated Ohio law. (*Id.*) None of Darby's attempts to invalidate his conviction were successful. (*Id.*)

On February 21, 2020, Darby then filed a *pro se* Petition for Writ of Habeas Corpus in this Court, raising four grounds for relief that all challenged his state court conviction and sentence from Case No. 92-CR-455-H:

> **GROUND ONE:** That conviction 92-CR-455, is void/voidable because release on July 8th, 1994 was rendered against the law.
>
> **Supporting Facts:** That Defendant is not barred by Res Judicata, when a trial judge disregards the mandatory language of Ohio statutes. A court has no power to make a sentence greater or less than what is stated in the law.
>
> **GROUND TWO:** Under both State and Federal laws prohibits sentence of conviction that is void/voidable.
>
> **Supporting Facts:** State conviction became void/invalid, when trial judge disregarded the statutes and released defendant against the laws of Ohio and years later the federal courts used the same conviction to enhance a district court sentence of imprisonment.
>
> **GROUND THREE:** Requested to make a determination, as to whether a statutorily prohibited sentence can be used to enhance a future federal sentence, because trial court improperly released Petitioner on shock probation on 7-1994.
>
> **GROUND FOUR:** Trial court improperly denied second petition for post-conviction relief, when it failed to make a determination as whether conviction was void or voidable.
>
> **Supporting Facts:** The U.S. Guidelines prohibit the use of a statutorily prohibited conviction to enhance a federal sentence… Trial courts, appeal courts, supreme court, all have refused to make a determination, only that Petitioner is time barred from seeking a resolution, when prior conviction has been used to enhance federal sentence.

(Doc. No. 1 at 1-2, 5-10.)[1]

---

[1] Quotations throughout the opinion are reproduced as in the original.

Respondent State of Ohio ("Respondent") filed a Motion to Dismiss Darby's Petition on June 15, 2020. (Doc. No. 9.) Respondent argues that dismissal is appropriate because (1) although Darby is currently serving a federal prison sentence, he is no longer serving a sentence or on probation with respect to the challenged state court conviction, and he therefore cannot satisfy the "in custody" requirement under 28 U.S.C. § 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); and (2) Darby's Petition is barred by AEDPA's statute of limitations. (*Id.* at 8-19.) Darby responded to Respondent's Motion to Dismiss on June 29, 2020. (Doc. No. 10.)

On January 18, 2021, the Magistrate Judge issued an R&R recommending that Respondent's Motion to Dismiss be granted. (Doc. No. 11.) The Magistrate Judge concluded that Darby cannot satisfy AEDPA's "in custody" requirement, and, as a result, this Court lacks subject-matter jurisdiction over Darby's Petition. (*Id.* at 13-22.) Because of this finding, the Magistrate Judge did not address Respondent's alternative statute of limitations argument. (*Id.* at 13.) Darby filed Objections to the R&R on February 8, 2021. (Doc. No. 12.)

**II.     Standard of Review**

Parties must file any objections to a report and recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal the district court's judgment. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

When a petitioner objects to a magistrate judge's resolution of a dispositive matter, the district court reviews those objections *de novo*. Fed. R. Civ. P. 72(b)(3). Specifically, a district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

4

*Id.* "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7, 2006) (quoting *Walters*, 638 F.2d at 949-50). An objection "that merely restates the arguments previously presented" or "does nothing more than state a disagreement with a magistrate's recommendation" is not sufficient. *Id.*

When a party fails to raise a specific objection to a finding of a magistrate judge on a dispositive matter, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. 72(b)(3), Advisory Committee Notes; *see also Thomas*, 474 U.S. at 150 (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

**III.     Analysis**

As noted briefly above, in his R&R, the Magistrate Judge determined that Darby was not in custody pursuant to the conviction that he attacks in his Petition—namely, his state court conviction from Case No. 92-CR-455-H. (Doc. No. 11 at 13-16.) Further, the Magistrate Judge found that the fact that this state court conviction was used to enhance his federal sentence is not sufficient to satisfy the "in custody" requirement. (*Id.* at 16-20.) Accordingly, the Magistrate Judge concluded that Darby's Petition failed to meet the "in custody" requirement under AEDPA, that the Court lacks subject-matter jurisdiction as a result, and that Respondent's Motion to Dismiss should be granted. (*Id.* at 21-22.)

Darby filed Objections to the R&R, but he does not dispute the Magistrate Judge's conclusions regarding the appropriateness of dismissal. (*See* Doc. No. 12 at 4, 9.) Indeed, Darby specifically admits: "Petitioner can not get around the 'in custody' requirements under 28 U.S.C. 2254 and as stated, this Court does lack subject-matter jurisdiction, I agree with this Court decision to dismiss my petition." (*Id.* at 9.) Instead, in his Objections, Darby notes several other reasons for his continuing belief that his federal sentence is improper. (*See* Doc. No. 12.) But those issues are not before the Court on Darby's Petition—which attacks his earlier state court conviction (*see* Doc. No. 1 at 1-2)—and are not relevant to the Magistrate Judge's recommendations with respect to Respondent's Motion to Dismiss. Because Darby does not specifically object to the reasoning in support of the Magistrate Judge's recommendation that his Petition be dismissed, the Court, having reviewed the Magistrate Judge's R&R and having found no error, adopts the Magistrate Judge's R&R and grants Respondent's Motion to Dismiss.

**IV.     Conclusion**

For the reasons set forth above, Darby's Objections (Doc. No. 12) are OVERRULED. Accordingly, the Magistrate Judge's Report & Recommendation (Doc. No. 11) is ADOPTED, and Respondent's Motion to Dismiss (Doc. No. 9) is GRANTED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

                                                *s/Pamela A. Barker*
                                                PAMELA A. BARKER
Date:  March 23, 2021                     U. S. DISTRICT JUDGE